AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the

District of Colorado

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>509 W. Applewood Drive, Fruita, CO, more fully described in Attachment A, attached hereto, to include all out-buildings, vehicles and persons on the property | Case No. 19-sw-5247-GPG |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     State and     District of     Colorado
*(identify the person or describe the property to be searched and give its location)*:

509 W. Applewood Drive, Fruita, CO, more fully described in Attachment A, attached hereto, to include all out-buildings, vehicles and persons on the property.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B attached hereto and hereby incorporated by reference.

**YOU ARE COMMANDED** to execute this warrant on or before     3/12/2019     *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to     Gordon P. Gallagher     .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of     ____     .

Date and time issued:   2/27/2019 at 2:25 p.m.                                     s/ Gordon P. Gallagher
                                                                                                          *Judge's signature*

City and state:    Grand Junction, CO                                       Gordon P. Gallagher, Magistrate Judge
                                                                                                          *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: 19-sw-5247-GPG | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

## DESCRIPTION OF LOCATIONS TO BE SEARCHED

Location: 509 W. Applewood Drive, Fruita, Colorado

This is the primary residence of Cory Thompson. It consists of a single-family, two-story house with an attached garage. There is also a shed on the property within the fenced in curtilage. The entire premise is to be searched to include the shed and any vehicles located on site.



## ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

The following items that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of violations of Title 18, United States Code, Sections § 1343 and Title 42, United States Code, Section § 408(a)(7)(B):

1. Documents and records, physical or electronic, relating to business transactions, contracts, invoices, purchases and expenses conducted by, or on behalf of, DACK Energy Services, LLC or DACK Field Services, including the following:

    a. Employee files, new hire worksheets, payroll records.

    b. Employee expense reports, receipts submitted for reimbursement, corresponding approval documents, and reimbursement records.

    c. Documents and records, physical or electronic, relating to vehicles and equipment acquisition, conducted by, on behalf of, or in relation to DACK Energy Services or DACK Field Services, including the ordering, purchasing, acquisition, liquidation, sales, auctioning, or disposal of the same.

    d. Documents and records, physical or electronic, relating to contracts, bids, bid proposals, bid ratings, conducted by, on behalf of, or in relation to Enterprise Products, Berry Petroleum, West Texas Gas, ConocoPhillips, Linn Energy, Merit Energy, Enerflex Energy Systems, Unit Petroleum, and Energes, LLC.

    e. Correspondence in any form, physical or electronic, including letters, mailings, emails, texts, chats, and instant messages, relating to or associated with the items described above.

2. Credit card information, bills and payment records belonging to or in use by Cory Thompson.

3. Indicia related to occupancy, residency and or ownership of property, premises, or vehicles.

4. Documents and records, and any related communications, indicating the acquisition of, concealment, transfer of ownership, or disposition of assets obtained with proceeds from violations of Title 18, United States Code, Sections

25

§ 1343 and Title 42, United States Code, Section § 408(a)(7)(B), including the following assets:

- a. Real Property located at 509 W. Applewood Dr, Fruita, Colorado 80521-3300;
- b. 2014 GMC 2500 Denali HD, VIN 1GT120C81EF133872;
- c. 2013 Hyundai Sonata, VIN 5NPEB4AC1DH731609;
- d. 2015 GMC Sierra, VIN 1GT120E8XFF666138;
- e. 2016 GMC Sierra, VIN 1GT12UE82GF134388;
- f. 2005 Caravelle 232 Interceptor boat, HULL VCN18140E505, and trailer;
- g. Two (2) 2001 Yamaha Gp800r, HULL YAMA2203A101 and YAMA1162B101.

5. Identification documents, such as social security cards, driver's licenses, photographs, applications for licenses, or other indicia representing the unlawful obtaining of identifications of persons.

6. Computer(s), computer hardware, computer software, computer related documentation, computer passwords and data security devices, digital storage media, any physical object upon which computer data can be recorded, digital communications devices, cameras, videotapes, video recording devices, video recording players, and video display monitors, digital input and output devices such as electronic media and network equipment, modems, routers, connection and power cords, and external or connected devices used for accessing computer storage media that was used to commit or facilitate commissions of violations of Title 18, United States Code, Sections § 1343 and Title 42, United States Code, Section § 408(a)(7)(B).

7. For any computer, computer hard drive, or other physical object upon which computer data can be recorded (hereinafter, COMPUTER) that is called for by this warrant, or that might contain items otherwise called for by this warrant:

- a. evidence of who used, owned, or controlled the COMPUTER at the time the items described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, calendars, browsing history, user profiles, e-mail, e-mail contacts, "chat" or instant messaging logs, photographs, and correspondence;

26

    b. evidence of software that may allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the lack of such malicious software;

    d. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

    e. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

    f. evidence of the times the COMPUTER was used;

    g. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

    h. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

    i. contextual information necessary to understand the evidence described in this attachment;

    j. volatile data necessary to preserve evidence prior to powering-off and unplugging a running computer.

    k. any and all information, notes, software, documents, records, or correspondence, in any format and medium pertaining to violations of Title 18, United States Code, Sections § 1343 and Title 42, United States Code, Section § 408(a)(7)(B)

    l. items otherwise described in this attachment but contained on an electronic device of any sort.

8. If evidence located on a COMPUTER appears to relate to criminal acts other than violations of Title 18, United States Code, Sections § 1343 and Title 42, United States Code, Section § 408(a)(7)(B) and that are not listed in this Attachment, those items will not be further examined unless and until a search warrant is applied for and issued for evidence of any such separate criminal act.

DEFINITIONS:

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).